IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NASR ELKOUMY,

                Petitioner,

v.                                          No. CIV 10-182 BB/LFG

RAY TERRY, WARDEN,

                Respondent.

**ORDER FOR APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court *sua sponte*. Petitioner Nasr Elkoumy ("Elkoumy") brings a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1], alleging that his continued detention by Respondent is unlawful and violative of his due process rights. Elkoumy has been in custody at Otero County Processing Center since January 2009. [Doc. 1, p. 3, Doc. 10, p. 1.] According to attachments to Elkoumy's petition, he filed an appeal with the Board of Immigration Appeals on March 19, 2009, that has not yet been decided.[1] [Doc. 1, Attachment "Detainee Request," dated 4/23/09; Doc. 10, p. 2.]

On March 25, 2010, Respondent filed a motion to dismiss, arguing that Elkoumy's petition is not ripe for review by this court because there is no final order of removal in his immigration proceedings [Doc. 10]. Respondent did not file any admissible evidence in support of the motion to dismiss confirming or disputing Elkoumy's length of his detention, the progress of his

---

[1] On February 2, 2010, counsel for Elkoumy filed an appeal brief with the Board of Immigration Appeals in his removal proceedings. [Doc. 1, Attachment, "Respondent's Appeal Brief."] Elkoumy is a native and citizen of Egypt who entered the United States on a visitor's visa in August 2004 and overstayed his authorized visa.

immigration proceedings, or the likelihood of a final removal order and date of such order. Elkoumy did not file a response to the motion to dismiss, and the time for doing so has passed.

However, on April 7, 2010, Elkoumy did file a pleading entitled "Motion for Expedited Disposition of Petition for a Writ of Habeas Corpus." [Doc. 11.] In his motion, which might be construed as a response to the Motion to Dismiss, Elkoumy argues that he has been incarcerated for 14 months, well beyond the six-month period. *See* Zadvydas v. INS, 533 U.S. 678, 701 (2001) (Supreme Court interpreted post-removal provision of § 1231 to include a presumptively reasonable detention period of six months).

The Court will not issue a recommendation on the motion to dismiss before appointing counsel for Elkoumy. A court may appoint counsel in habeas matters, including under 28 U.S.C. § 2241, if the interests of justice so require. *See* Snyder v. Ortiz, 236 F. App'x 465, 467, 2007 WL 1678009 (10th Cir. June 12, 2007) (unpublished opinion) (*citing* 18 U.S.C. § 3006A(a)(2)(B)). The Court determines that the interests of justice require appointment of counsel in this case where the Tenth Circuit Court of Appeals has not addressed this issue and where the area of law is new and evolving. *See, e.g.,* Rodrigques v. Holder, 2010 WL 830929, *5 (M.D. Pa. Mar. 4, 2010) (unpublished opinion) (discussing a series of considerations the court might address in determining whether a period of detention is reasonable in pre-final order of removal cases); Prince v. Mukasey, 593 F. Supp. 2d 727, 734-35 (M.D. Pa. Dec. 11, 2008) (noting that "the case law review . . . reveals that many courts either have determined or are moving in the direction of finding that detention of pre-final order removal detainees for a lengthy period may raise constitutional concerns").

The Court recognizes that generally speaking, there is no constitutional right to counsel beyond the direct appeal of a criminal conviction. Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir.), *cert. denied*, 129 S.Ct. 134 (2008). However, appointment of counsel in habeas proceedings

is left to the court's discretion.  <u>Pride v. Herrera</u>, 28 F. App'x 891, 895, 2001 WL 1545768 (10th Cir. Dec. 5, 2001); <u>Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden</u>, 23 F.3d 332, 333 (10th Cir. 1994).

Because of the complexity of the law and the nature of the factual issues raised by Petitioner's claims, the Court determines that the interests of justice warrant appointment of counsel in this case.

IT IS THEREFORE ORDERED that counsel be appointed in this case, at which point counsel will be allowed thirty (30) days to supplement the pertinent pleadings or file a response to the motion to dismiss.  Appointed counsel should consider whether to withdraw the motion for expedited disposition of Elkoumy's petition.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge